DUFRESNE, Judge.
The sole issue before us in this case is the adequacy of fees payable to a discharged attorney.
Anthony L. Glorioso, was initially retained by plaintiff, Albert J. Toups, to represent him in a claim for damages arising out of injuries sustained in a vehicular accident on May 19, 1989. During the litigation process Toups discharged Glorioso by letter on February 22, 1990, and later retained S. Michael Cashio. Glorioso filed and served an intervention for attorney’s fees and costs, as well as recording his contingency fee contract.
On the date of trial, the defendant, State Farm Mutual Automobile Insurance Company agreed to settle with Toups for the sum of $100,000.00. The settlement check was issued by State Farm (without including Glorioso’s name as an additional payee) to Toups’ attorney and was negotiated.
After Glorioso learned that settlement funds had been delivered without notification to him, he filed a Motion to Vacate the settlement. A hearing was held for the purpose of apportioning attorney’s fees arising out of the settlement. The trial court rendered an amended judgment, wherein the gross attorney fee of $40,-000.00 was apportioned by granting a judgment in favor of Glorioso in the sum of $3,500.00 as attorney fees and $974.63 for reimbursement of out-of-pocket expenses. From this judgment Glorioso appeals.
He contends that the judgment was incorrect in the following respects:
1. The apportionment of attorney fees was incorrect and,
*247 2. The failure to grant interest from the date the settlement proceeds were received by the plaintiff.
Toups testified that Glorioso was discharged as his attorney because of his failure to communicate. Glorioso contends that there was continuous correspondence between himself, Toups, State Farm, treating physicians and other medical care facilities. At the hearing the court did not state whether Glorioso was discharged with or without cause.
Glorioso represented Toups for approximately nine (9) months, Cashio represented Toups for approximately twelve (12) months. Cashio attended depositions, completed discovery and ultimately consummated the settlement of $100,000.00.
However, the record does reflect that Glorioso rendered legal services during the nine (9) months he handled the case.
Under Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979), the attorney fee of a discharged attorney is to be apportioned according to the respective services and contributions of the attorney’s work performed and other relevant factors as set forth in Rule 1.5 of the Rules of Professional Conduct; which provides in pertinent part:
(a) A lawyer’s fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer:
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee is fixed or contingent.
Although we are unable to determine from the record whether, Glorioso was discharged with or without cause, we find Glorioso’s attorney fees to be inadequate.
The record justifies a larger fee for Glo-rioso. During the time he represented Toups he handled the case completely. For nine (9) months Glorioso represented Toups through the course of his medical treatment, arranging examination by specialists, paying for the medical expenses on behalf of Toups.
Accordingly, the forty thousand dollars ($40,000) attorney’s fee should be as apportioned as follows: Seven thousand five hundred ($7,500.00) dollars to Mr. Glorioso, together with legal interest thereon from the date of settlement and all costs to be paid out of the gross attorney’s fees collected.
Thus the judgment is amended to increase the attorney fees for Glorioso to $7,500.00, plus interest from the date of settlement. In all other aspects the judgment is affirmed.
Further, said fees and costs are to be paid out of the total attorney fees received by Cashio.
All costs of this appeal are to be paid by Cashio.
AMENDED AND AFFIRMED AS AMENDED.