516 So.2d 213 (1987)
MURRAY, MURRAY, ELLIS, BRADEN & LANDRY
v.
James H. MINGE, Amica Mutual Insurance Company, and Oscar A. Cuellar.
No. CA-5619.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1987.
Writ Denied January 8, 1988.
*214 Lamar M. Richardson, Jr., Mandeville, for plaintiffs-appellants.
James H. Minge, New Orleans, in pro. per.
Before GULOTTA, C.J., and BARRY, KLEES, WILLIAMS and ARMSTRONG, JJ.
ARMSTRONG, Judge.
This is an appeal from a judgment of the district court sustaining defendant's exceptions of Res Judicata, Failure to Join an Indispensable Party, No Right of Action, No Cause of Action and Vagueness. The suit originated out of a claim for attorney fees by Appellant who was discharged from a litigant's case prior to settlement. We reverse.
On September 30, 1983, a car struck Oscar Armando Cuellar, a citizen of El Salvador, as he walked along a highway in St. Charles Parish. On October 4, 1983 Cuellar hired Appellant, the law firm of Murray, Murray, Ellis, Braden and Landry ("Murray"), to represent him in a personal injury claim against the driver of the car and her insurance carrier. Cuellar executed a contingency fee contract with Murray which granted Murray an undivided 35% interest in any claim or suit arising from the accident. In addition, the contract stated that neither party could settle the case without the other's consent. However, the contract could be terminated upon written notice of either party.
Shortly after it was hired Murray began to investigate the circumstances of Cuellar's accident, negotiate with the defendant and her insurer, and hire photographers and accident reconstruction experts in order to develop Cuellar's case.
On November 5, 1983, Romualdo Gonzalez, the Murray attorney who was handling Cuellar's case, received a letter from James H. Minge, an attorney, stating that Cuellar wanted to terminate his contract with the Murray firm and to hire Minge instead. Cuellar and his sister, Angela Cuellar Lado, also signed the letter. In the letter Minge requested that the Murray firm "take no further action in this matter on Mr. Cuellar's behalf" and that, "as soon as possible," Gonzalez should present an "itemization of costs incurred [by Murray] to date" and "any claims which [Murray] might care to assert for attorney fees on a quantum meruit basis."
Gonzalez then met with Cuellar and was informed that Cuellar had no problem with Murray's representation but that Cuellar's sister wished to hire Minge. On the basis of that information Murray continued to act as Cuellar's legal representative.
On November 21, 1983, Minge wrote Murray another letter informing them of his representation of Cuellar and again requested that Murray take no further action on Cuellar's behalf. In his letter to Murray, Minge included a letter from Cuellar to Gonzalez, also dated November 21, 1983, in which Cuellar stated he no longer wanted Murray to represent him. On the same day, Gonzalez sent a letter to Minge advising him that Murray had hired counsel to represent it in asserting a right to attorney fees from any recovery obtained on Cuellar's behalf. Gonzalez also stated that, "We intend to file our contract for protection of work performed by this office. By copy of this letter I am advising the insurance company involved not to issue any drafts in settlement of this matter without including my name among the loss payees.
By letter dated December 14, 1983, Gonzalez requested copies from Minge of any pleadings filed on behalf of Cuellar. In a letter dated December 21, 1983, Minge notified Murray that he had filed a lawsuit in federal court on behalf of Cuellar, Minge also enclosed a copy of the petition in that suit. The suit was settled for $214,000 on May 14, 1984 and on May 15, 1984 the federal district court dismissed that suit with prejudice. The settlement funds were dispersed and Cuellar then apparently returned to El Salvador.
In late June 1984, counsel for the Murray firm informed Minge that he was planning to file a motion on the firm's behalf to intervene in Cuellar's suit in order to assert a right to attorney fees. Counsel was notified at that time that the dispute had been *215 settled and that the case had been dismissed.
On August 20, 1984, Murray filed a "Motion to Set Aside Dismissal, For Recognition of Professional Fee Contract and For Injunctive Relief" in U.S. District Court. The motion was denied as procedurally untimely. Murray appealed the denial of that motion. The U.S. Fifth Circuit Court of Appeals affirmed the district court but pointed out that Murray still had remedies available in state court. Cuellar v. Macisaac, 767 F.2d 917 (5th Cir.1985). The federal courts did not address the merits of Appellant's claim.
On November 2, 1984, Murray filed a suit against Minge, Amica Insurance Co. (the original defendant's insurance carrier), and Cuellar in Civil District Court, Orleans Parish, alleging that Minge's interference without just cause with the Murray-Cuellar contract resulted in a loss of Murray's recovery of a portion of the contingency fee. Murray amended the petition on November 21, 1984 to name only Minge and Minge's professional liability carrier as defendants. In his amended petition Murray requested that the fee Minge received in the Cuellar case be apportioned between Murray and Minge. In response to that petition Minge filed exceptions of res judicata, failure to join an indespensable party, no right or cause of action and vagueness. The trial court maintained the exceptions on March 17, 1986. Murray appeals from that judgment.
By his sole assignment of error Appellant avers that the trial court erred in sustaining Appellee's exceptions. Appellant argues that strict compliance with the recordation provisions of LSA-R.S. 37:218[1] is not necessary for the court to order an apportionment of the contingency fee between serial attorneys when one of them has been discharged without cause. We agree.
First of all we note that the trial court sustained all of the exceptions.
LSA-R.S. 13:4231 governs res judicata it states as follows:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
It is clear from a review of the court's opinion in Cuellar v. Macisaac, supra that the only thing determined by the federal district court, and affirmed by the appellate court, was that pursuant to the federal rules of civil procedure Murray's motion to intervene had not been timely filed. Since the federal court never ruled upon the merits of Murray's case in any fashion we do not think that the issues in the case before us have been adjudicated, and hence the trial court improperly upheld the exception of Res Judicata.
We next consider the trial court's maintenance of the appellee's exceptions of failure to join an indispensible party and no cause of action. Appellee asserts that Murray was required to join Mr. Cuellar as a party "for only Cuellar can give competent testimony concerning the circumstances surrounding his alleged employment and *216 subsequent discharge of plaintiff." In addition appellees claim that "plaintiff has failed to allege any facts or circumstances on which a judgment against defendant can stand."
In the case of Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1978) an attorney was discharged by a client without cause prior to the completion of the services he promised to perform upon execution of a one third contingency fee contract. That attorney recorded the contingency fee contract pursuant to LSA-R.S. 37:218 and intervened in the personal injury suit claiming that he was entitled to one third of the agreed upon settlement.
In its opinion on rehearing the Louisiana Supreme Court stated as follows:
the "interest in the subject matter of the suit, proposed suit or claim" safeguarded by the statute (LSA-R.S. 37:218) is, we believe, no more than a privilege granted to aid the attorneys' collection of a fully earned fee out of the fund which the satisfaction of the client's claim yields. Compliance with the statute would result in the creation of a cause of action against the [client and the opposing party] for such fee is legal and is earned in the event a settlement or other disposition results without the consent of the lawyer.

In addition in Saucier the court held that the second attorney was an indispensible party to the action.
Thus Saucier held that compliance with LSA-R.S. 37:218 established a cause of action against the client and the opposing party if a settlement or other disposition is made without the attorney's consent.
However, in the instant case we are faced with a different situation. Here there has been no compliance with LSA-R. S. 37:218 and the plaintiff is making his claim directly against the attorney. Murray apparently recognizes that its failure to comply with LSA-R.S. 37:218 leaves it without a claim against Cuellar. However, the issue is whether it leaves Murray without a claim against Minge and whether Cuellar is an indispensible party to that claim.
"In ruling on an exception of no cause of action all well-pleaded facts in the petition must be accepted as true, and any doubts resolved in favor of a finding that the pleadings are sufficient to state a cause of action." Zuviceh v. Rodriguez, 444 So.2d 767 (La.App. 4th Cir.1984).
In our opinion Murray has a cause of action against Minge for the apportionment of legal fees. Murray entered into a contract with Cuellar. It is undisputed that on several occasions Minge acknowledged the Murray contract and the fact that Murray would be entitled to a portion of the attorneys fees. The issue of whether Murray is entitled to a portion of the attorneys fees is not affected by its failure to file the contingency fee contract, it simply affects the cause of action itself. As the court noted in Fontana v. Barham, 707 F.2d 221, 226 (5th Cir.1983) "an attorney has a cause of action for fees based on the employment contract with his client as well as a cause of action in conversion against anyone who unlawfully appropriates those fees."
In our opinion Murray's petition alleges facts sufficient to state a cause of action.
LSA-C.Civ.Pro. Art. 641 defines an indispensable party as one "whose interest in the subject matter are so interrelated and would be so directly affected by the judgment, that a complete and equitable adjudication of the action cannot be made unless they are joined in the action."
We do not see the need for Mr. Cuellar to be joined in this action. While it is certain that Cuellar's testimony would be valuable in regard to how much Murray is entitled to we do not think that the trial court could not completely and equitably adjudicate the claim in the instant case if Cuellar is not joined as a party.
In addition we find that Murray's petition states sufficient fact and is not subject to the exception of vagueness.
For the foregoing reasons, the judgment of the trial court sustaining defendants exceptions of res judicata no right of action, failure to join an indispensable party, and vagueness is reversed.
REVERSED.
*217 GULOTTA, C.J., concurs in part.
BARRY, J., dissents with reasons.
GULOTTA, Chief Judge, concurring in part.
A cause of action may lie against Minge by plaintiffs if they can allege that defendant had knowledge of the existence of the contract, that plaintiffs were entitled to payment when a settlement was reached, and that defendant failed to take into account monies owed by Cuellar to plaintiffs before disbursing the funds to Cuellar. Failure to record the contract is insignificant in this case because it is plain from the communications between counsel that Minge was in fact aware of the representation of Cuellar by the plaintiffs.
Accordingly, I would dismiss the exceptions of nonjoinder and res judicata. I would maintain the exceptions of no cause of action and vagueness and remand the matter to the trial court to allow plaintiffs an opportunity to amend their petition in accordance with C.C.P. 934.
BARRY, Judge, dissenting with reasons.
The Murray firm, aware that its former client's suit had been filed in federal district court, did not intervene in those proceedings (which resulted in a settlement) and did not comply with La.R.S. 37:218 by recording its contingency contract. Failure to record a contingency fee contract causes the document to have no effect against third parties, although it is still the law between the client and attorney. Ruiz v. Williams, 425 So.2d 929 (La.App. 4th Cir. 1983); Singleton v. Bunge Corporation, 364 So.2d 1321 (La.App. 4th Cir.1978).
After unsuccessfully attempting to reopen the case in federal court, the Murray firm filed suit in state court against Cuellar, its former client, James Minge, Cuellar's second attorney who filed suit and settled the case, and his insurer. By amended petition Cuellar was deleted. The Murray firm proceeded against James Minge even though its contract with Cuellar had no legal effect on Mr. Minge as a third party.
There is no privity of contract between Mr. Minge and the Murray firm. No legal relationship exists between them to form the basis of the suit.
The exception of no cause of action was properly maintained.
NOTES
[1] LSA-R.S. 37:218 reads as follows:

§ 218. Contract for fee based on proportion of subject matter; stipulation concerning compromise, discontinuance or settlement
By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made.