635 So.2d 1319 (1994)
C. Scott REIS and Walter J. Leger, Jr.
v.
FENASCI & SMITH, Attorneys At Law and Michael A. Fenasci, Esq.
No. 93-CA-1785.
Court of Appeal of Louisiana, Fourth Circuit.
April 14, 1994.
*1320 Daniel S. Foley, Barker, Boudreaux, Lamy & Foley, New Orleans, for plaintiffs/appellants.
Carolyn W. Jefferson, New Orleans, for defendants/appellees.
Before KLEES, ARMSTRONG and PLOTKIN, JJ.
ARMSTRONG, Judge.
Plaintiffs, attorneys C. Scott Reis ("Reis") and Walter J. Leger, Jr. ("Leger"), appeal from a trial court judgment dismissing their petition to recover attorney fees. The issue for review is whether the trial court erred in maintaining an exception of no cause of action in favor of defendants, attorney Michael A. Fenasci ("Fenasci") and the law firm of Fenasci and Smith. We now affirm but remand to allow plaintiffs an opportunity to amend their petition to state a cause of action.
Plaintiffs' petition for recovery of attorney fees sets forth the following assumed facts:
On September 26, 1988, Randy Tim Mackey ("Mackey") was injured in an accident aboard the M/V Sea Falcon. On October 27, 1988, Mackey entered into a contingency fee contract with Reis, wherein Reis agreed to pursue all claims resulting from Mackey's accident in exchange for a percentage of Mackey's recovery. Reis associated Leger to assist him with Mackey's claim.
From October 1988 through March 1989, plaintiffs pursued Mackey's claim, interviewing clients and witnesses, communicating with doctors and opposing counsel, and preparing correspondence, legal research, and pleadings for state and federal court.
On March 16, 1989, Mackey wrote to inform Leger that he had fired Reis and that he "no longer needed your [i.e. Leger's] help." Leger contacted Mackey, who told Leger that he was satisfied with Leger's representation, and wished Leger to continue as his attorney.
In May 1989, defendants filed a petition on behalf of Mackey in the United States District Court for the Eastern District of Louisiana. On June 5, 1989, Leger wrote defendants and asked them to provide the name, docket number, and location of Mackey's suit. Defendants did not provide the requested information.
On an unspecified date in November 1989, Mackey entered into a "Retainer Agreement" with Leger, in which Leger agreed to represent Mackey as to all claims arising from his September 26, 1988 accident. On November 28, 1989, Mackey wrote to inform defendants that he wished to return to his first lawyer, Leger, and that he no longer wanted defendants to represent him. Then, on December 6, 1989, one week after Mackey *1321 had supposedly fired defendants, defendants entered into a joint motion of dismissal on behalf of Mackey, thereby settling Mackey's federal suit.
Plaintiffs filed their petition for recovery of attorney's fees on October 5, 1990. Plaintiffs' petition set forth the following allegations pertinent to their claim for attorney fees: (1) Mackey discharged plaintiffs without cause; (2) defendants refused plaintiffs' request for information pertaining to Mackey's federal suit; (3) defendants did not inform plaintiffs that defendants had entered into settlement negotiations or reached a settlement agreement on behalf of Mackey; and (4) on July 30, 1990, plaintiffs made demand on defendants for reimbursement for their services performed on behalf of Mackey, and defendants did not provide reimbursement.
On March 16, 1993, defendants filed exceptions of no cause of action and failure to join an indispensable party. Plaintiffs filed an opposition, asserting that they had a cause of action under Murray, Murray, Ellis et al. v. Minge, 516 So.2d 213 (La.App. 4th Cir.1987), writ den. 516 So.2d 369 (La.1988), wherein this court held that an attorney discharged by his client without cause had a cause of action to recover attorney fees from his successor attorney.
On May 3, 1993, the trial court dismissed plaintiff's suit without prejudice.[1] Plaintiffs filed a motion for new trial, which was denied. The parties met in court on June 25, 1993 for the sole purpose of allowing the trial judge to present reasons for judgment. The trial judge stated on the record:
I'm of the opinion that the litigation in Federal Court should properly have disposed of all of these issues, and certainly the judge who heard that case would have been the one to inquire into legal representation, and he would be the one to properly apportion attorneys fees. I think we will create problems if we allow a situation where suits proceed to trial, funds are disbursed and then in separate actions a second judge is asked to go back and review an entire record and decide which attorneys should have received attorneys fees. It's [incumbent] upon the attorney who handles a litigation to properly and timely intervene if he has a claim for any amount of proceeds in a settlement of judgment. * * * I disagree with the court in Murray and I'm going to maintain the Exception of No Cause of Action.
The exception of no cause of action must be decided on the face of the petition and no evidence may be introduced to support or controvert the exception. Charia v. Hulse, 619 So.2d 1099 (La.App. 4th Cir.1993); La.C.C.P. Art. 931. All well pleaded allegations of the petition and any annexed documents must be assumed as true, and any doubt should be resolved in favor of the petition. Kuebler v. Martin, 578 So.2d 113, 114 (La.1991); Charia, supra. The exception tests the legal sufficiency of the petition, i.e. whether the law affords any remedy to plaintiff under the allegations of the petition. Id. The exception must be overruled if the petition states a cause of action on any grounds or portion of the demand. Pitre v. Opelousas General Hospital, 530 So.2d 1151 (La.1988); Charia, supra.
As the trial court noted in reasons for judgment, a discharged attorney's claim for attorney fees is appropriately asserted by intervening in the former client's underlying suit. See Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979); Toups v. Brainis, 608 So.2d 246 (La.App. 5th Cir. 1992); DeVillier v. DeVillier, 602 So.2d 1093 (La.App. 1st Cir.1992); Hebert v. State Farm Ins. Co., 588 So.2d 1150 (La.App. 1st Cir. 1991).
In Murray, supra, we considered the issue raised in the instant appeal: whether a discharged attorney who did not intervene in the former client's suit nonetheless has a cause of action to recover attorney fees which can be asserted in a separate action against the successor attorney. In Murray, it was *1322 undisputed that the successor attorney had, on several occasions, acknowledged the contingency fee contract between the discharged attorney and the client. In addition, the discharged attorney informed the successor attorney that he intended to assert a claim for attorney fees under the contingency fee contract. Some five months later, the successor attorney settled the client's claim without notifying the discharged attorney of the settlement. Because the successor attorney had notice of the discharged attorney's intention to assert his rights under the contingency contract, we held that the discharged attorney had a cause of action to recover attorney fees which could be asserted directly against the successor attorney. Id. 516 So.2d at 216.
In the instant case, plaintiffs' petition fails to set forth allegations supporting a finding that defendants had the requisite notice under Murray. Plaintiff's petition alleges communication between plaintiffs and defendants on only two occasions: (1) on June 5, 1989, when plaintiffs wrote Fenasci to ask that he provide the name, docket number, and location of Mackey's suit; and (2) on July 30, 1990, when plaintiffs made demand on defendants for half the attorney fees collected in the settlement of Mackey's suit. Under these allegations, plaintiffs did not inform defendants of their contingency contract, nor of their intention to assert their rights under that contract, until eight months after defendants settled Mackey's suit; notice was not provided until at least fourteen months after plaintiffs had knowledge of defendants' representation of Mackey. This situation is markedly different from Murray, where the successor attorney settled the client's suit without notifying the discharged attorney, despite being informed over five months prior to settlement that the discharged attorney intended to assert his rights under a contingency contract.
In the absence of allegations of the requisite notice, plaintiffs have failed to state a cause of action under Murray. However, when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La.C.C.P. Art. 934. Accordingly, this case will be remanded to allow plaintiffs an opportunity to amend their petition.
Because we remand to allow plaintiffs an opportunity to amend their petition, we briefly address defendants' arguments in favor of maintaining their exception of no cause of action.
Defendants argue that plaintiffs do not have a cause of action to recover attorney fees because they were discharged for cause, and because they did not earn a fee. However, the exception of no cause of action tests whether the law affords any remedy to plaintiff under the allegations of the petition. Kuebler, supra; Charia, supra. Accordingly, plaintiffs' allegations in their petition that they were discharged without cause and that they performed work on behalf of Mackey are sufficient to support a cause of action for attorney fees. These issues will be resolved on the merits, should plaintiffs successfully amend their petition.
Defendants further argue that there is no privity of contract between plaintiffs and defendants because they never agreed to share attorney fees. However, as we recognized in Minge, supra, the cause of action against the successor attorney is not predicated on a contractural relationship with the successor attorney: "[A]n attorney has a cause of action for fees based on the employment contract with his client as well as a cause of action in conversion against anyone who unlawfully appropriates those fees." Id., 516 So.2d at 216, quoting Fontana v. Barham, 707 F.2d 221, 226 (5th Cir.1983).
Finally, defendants urge that plaintiffs forfeited their right to attorney fees by failing to record their contingency contract in *1323 accordance with La.R.S. 37:218(A).[2] However, in Murray we concluded that failure to record the contract in accordance with La. R.S. 37:218 left the discharged attorney without a claim against his former client, but did not affect his rights against a successor attorney who had notice of the contingency contract. Id. at 216. In the instant case, plaintiffs' petition is deficient because it fails to state a cause of action, not because the contract was unrecorded.
For the foregoing reasons, the judgment of the trial court maintaining defendants' exception of no cause of action is affirmed. In accordance with La.C.C.P. Art. 934, the case is remanded to allow plaintiffs to amend their petition to state a cause of action.
AFFIRMED; REMANDED.
PLOTKIN, J., dissents with written reasons.
PLOTKIN, Judge, dissenting with written reasons:
Although the majority is correct in finding that the facts of the instant case are different from the facts in the case of Murray, Murray, Ellis, Braden & Landry v. Minge, 516 So.2d 213 (La.App. 4th Cir.1987), I believe that the plaintiffs herein have nevertheless stated a cause of action under the principles enunciated by that case. Accordingly, I dissent.
In this case, a close reading of the plaintiffs' allegations indicates that they took every possible action to protect their right to payment under their contingency fee contract, but were unable to perfect that right because of the actions of the client and the defendants, over which they had absolutely no control. The petition reveals that the client repeatedly lead the plaintiffs to believe that he wanted them to represent him in his lawsuit, but that he was also vacillating between their representation and representation by the defendants. Once the client finally decided to engage the defendants, the plaintiffs immediately sent the defendants a letter requesting information about any lawsuits filed, to which the defendants failed to respond. The only logical interpretation to be given that action is that the plaintiffs intended to perfect their claim for attorney's fees by filing an intervention in any suit filed by the defendants as allowed by LSA-R.S. 37:218. The plaintiffs were deprived of an opportunity to file the intervention by the defendants' failure to properly respond to the correspondence.
Further, although the plaintiffs do not allege that they specifically told the defendants that they had a contingency fee contract which they intended to enforce against any judgment or settlement, as did the plaintiffs in the Murray case, the defendants were certainly placed on notice of the plaintiffs' interest in the suit by the facts outlined above. Under the circumstances, I would find that the plaintiffs have stated a cause of action under Murray.
The majority appears to provide the plaintiffs a remedy by simply giving them the right to amend their petition to state a cause of action, presumably by alleging more facts to indicate that the defendants were given notice of their claim. However, a close reading of the petition indicates that the plaintiffs alleged all of the facts surrounding their dealings both with the client and the defendants. *1324 The plaintiffs cannot allege that they actually told the defendants that they had rights under a contingency fee contract which they intended to enforce against any judgment or settlement obtained in the federal lawsuit because they did not know about the existence of the lawsuit since the defendants failed to respond to their correspondence. It would be virtually impossible for the plaintiffs to amend.
Thus, the majority's solution is really not a solution at all. I believe that the majority's decision improperly penalizes the plaintiffs for failing to take actions they could not reasonably have known that they needed to take under the facts of this case. Further, I believe that under the most reasonable interpretation of the Murray case, attorneys in the position of the plaintiffs in this case should only be required to do all they can do to give notice to the successor attorneys of their claim. They should not be required to allege specific facts in order to state a cause of action; they should be required only to state the facts as they occurred. If those facts are sufficient to show that the attorneys did all that they reasonably could do to protect their rights, then they should be considered to have stated a cause of action.
NOTES
[1] Defendants' exception of failure to join an indispensable party has not been argued on appeal.
[2] La.R.S. 37:218(A) provides:

By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been had.