J2.GOTHARD, Judge.
STATEMENT OF THE CASE
Plaintiff-appellant James C. Ferguson appeals a January 30, 1996 judgment granting an exception of no right of action filed by the defendants. We affirm for the reasons discussed below.
On August 30, 1995, James C. Ferguson [hereinafter. “Ferguson”] filed a petition in 24th Judicial District Court seeking attorneys fees and expenses. Plaintiff named defendants Vandella Kimble, Margaret Hammond, and the West Jefferson Levee District Board of Commissioners [hereinafter “Kim-ble”, “Hammond” and “Levee Board”, respectively]. In his unverified petition, plaintiff alleges the defendants are indebted to him for $24,000 in previously earned attorneys fees plus expenses and costs, for attorneys fees and costs for the instant suit and for damages for mental anguish and emotional distress. No contract of employment is attached to the petition or located anywhere else in the record.
_]3_The Levee Board filed an exception of no cause and no right of action on the grounds of plaintiffs failure to comply with LSA-R.S. 37:218 which provides:
A. By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or .claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client’s domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made.
B. The term “fee”, as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.
The Levee Board also filed an exception of no cause and no right of action, citing the same statute and further arguing that the Levee Board is not in privity with the plaintiff, was never a client of the plaintiff, and would not owe damages to him, even if Kim-ble and Hammond were held liable.
FACTS
Vandella Kimble hired James C. Ferguson to represent her. On July 21, 1992 he filed suit on her behalf, namely Kimble v. West Jefferson Levee District Board of Commissioners, et al, Case Number 92-2455 on the docket of United States District Court for the Eastern District of Louisiana.
*275 On July 25, 1994, Kimble discharged Ferguson by letter, a copy of which was filed into the record. On that same day Judge Livaudais of the Eastern District entered an Order and Reasons dismissing Ferguson as Kimble’s attorney, stating:
14 Upon consideration, the Court finds that the interests of justice require that Ms. Kimble be allowed to discharge her counsel, that Mi’. Ferguson be allowed to withdraw as counsel, reserving his right to intervene in these proceedings in order to protect his interest in his attorney’s fees, and that the trial be continued to afford Ms. Kimble the opportunity to find new counsel to represent her in these proceedings. The Court advised Ms. Kimble that she shall be allowed two months to obtain new counsel, but that after this time, she would be required to go forward ...
Kimble then retained attorney Hammond. On August 3,1994, Hammond contacted Ferguson and obtained Kimble’s files. On April 8, 1995, Hammond, Kimble and the Levee Board entered into a settlement agreement to conclude the federal suit, the funds were disbursed, and the ease was closed in federal court.
Three months after the case was closed in federal court and 11 months and 2 weeks after Judge Livaudais’ order allowing plaintiff to intervene, plaintiff attempted to file an intervention in the closed case in federal court. Initially the intervention was allowed on the basis of plaintiffs representations to Judge Duval that defendants did not object to the intervention. Thereafter defendants filed a written objection to the intervention. By minute entry dated September 28, 1995, however, the intervention was dismissed by Judge Duval when he discovered that plaintiff had failed to contact the defendants and ask them if they had any objection to his intervention. Plaintiff did not seek writs or appeal Judge Duval’s order dismissing the intervention. Accordingly, that order is now final in federal court. Having lost in federal court, plaintiff elected to pursue the petition filed in the 24th Judicial District Court.
DISCUSSION
We find that the trial court did not err in dismissing plaintiffs petition on both defendants’ exceptions of no right of action.
_|_5_First, plaintiff could have availed himself of the provisions of LSA-R.S. 37:218, which would have protected him in case of settlement, but he failed to do so. In Reis v. Fenasci & Smith, 93-1785, La.App. 4 Cir. (4/14/94), 635 So.2d 1319, the court held that where an attorney fails to record his contract in accordance with LSA-R.S. 37:218, failure to record the contract results in a forfeiture of counsel’s right to recover attorneys fees from his client. Thus the trial judge correctly dismissed plaintiffs claim against Kimble.
Under Reis, supra, plaintiff might still have had a claim against Hammond as successor attorney:
1. if subsequent counsel has been notified before settlement of the prior attorney’s assertion of rights under an employment contract and
2. if plaintiff were fired without cause.
Either intervention in the federal suit or filing under LSA-R.S. 37:218 would have constituted sufficient notice under Reis, supra.
Turning to the second prong of the Reis test, we find that the trial court correctly found that plaintiff Ferguson was fired for cause. In the recent case of O’Rourke v. Cairns, 95-381 La.App. 5th Cir. (11/28/95) 666 So.2d 345, this court reaffirmed the holding of Saucier, v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979) that whether the former attorney was fired for cause is an issue properly before the trial court for inquiry. We note that Judge Duval specifically found that plaintiff was fired for “malfeasance and/or nonfeasance” and that “Ferguson evidently failed, inter alia, to oppose one motion that was subsequently granted as unopposed and he filed such garbled pleadings, the Court dismissed his state law claims. (See Doc. 86).” In light of the findings below, we cannot conclude that the trial court erred in granting Hammond’s exception of no right of action.
*276 |s With respect to the defendant Levee Board, plaintiffs claim is even less viable. The Levee Board was the plaintiffs opponent, not the plaintiffs client. At no time was plaintiff in privity with the Levee Boa2-d. Plaintiff alleges the Levee Board should 'be liable on the basis of oral statements allegedly made by counsel for the Levee Board to plaintiff that a settlement check would not be issued without his name on it. We note that it is the customary industry practice in the legal profession for settlement checks to be issued in the names of both the client and the attorney. The trial judge correctly concluded that the statement was predicated upon the belief that plaintiff was current counsel and/or that plaintiff filed his contract under the statute or intervened in the federal suit.
For the reasons discussed, the judgment of the district court is affirmed. Costs of this appeal are cast against appellant.
AFFIRMED.