I iWOODARD, Judge.
The plaintiff, Warren Rush, appeals the trial court’s dismissal of an action he brought as a discharged attorney against the defendants, Melvin and Kathryn Barrios, his former clients, to collect his portion of a personal injury settlement that was subsequently paid to them, notwithstanding that the contingency fee contract between Rush and the Barrioses was not publicly recorded. For the reasons assigned below, we reverse and remand.
FACTS
As a result of an incident that occurred at the home of Melvin and Kathryn Barrios (the Barrioses) on May 31, 1992, in Lafayette, Louisiana, the Barrioses hired Warren Rush (Rush) of the law firm of Rush, Rush & Calogero to represent them in a products liability/negligence action. The Barrioses entered into a one-third ^contingency fee contract with Rush on May 28, 1993 but discharged him on March 3, 1994 and retained Aaron Guidry (Guidry) of the Lafayette law firm of Porter, Denton and Kobetz, A.P.L.C. (the Porter law firm). The Porter law firm referred the Barrioses to a Texas partnership by the name of Mallia and Jacobs, Attorneys at Law (Mallia partnership). The Mallia partnership then prosecuted the litigation in Harris County, Texas, and obtained a two million-dollar settlement for the Barri-oses. Attorney’s fees have been paid from that recovery to all parties but Rush.
Prior to the settlement, Rush filed a petition to intervene in the Texas suit, but later filed a motion to dismiss that petition for intervention, which the court granted without prejudice. Rush then brought suit, individually, and on behalf of Rush, Rush & Calogero on November 20, 1996 to recover attorney’s fees from the Barrioses, Guidry, the Porter law firm, and the Mallia partnership. The Barrioses, the only defendants remaining, raised a peremptory exception of no right of action on December 16, 1996, arguing that since Rush failed to record the contingency fee contract pursuant to La.R.S. 37:218, his claim should be dismissed. On March 27, 1997, the Barrioses also moved for summary judgment based on Rush’s failure to record the above contract.
A hearing was held on the peremptory exception and the motion for summary judgment on April 21, 1997. By judgment dated May 15, 1997, the court ruled in the Barri-oses’ favor on both motions and dismissed Rush’s petition with prejudice and at his cost. It is from that judgment that Rush devolu-tively appeals.
ASSIGNMENT OF ERROR
Rush asserts that the trial court committed error by granting the Barrioses’ motion for summary judgment and exception of no right of action because the recordation requirement of La.R.S. 37:218 has no effect on Rush’s right to recover attorney’s fees against his former clients, the Barrioses.
LAW
The issue of whether a discharged attorney can recover against his or her client under a non-recorded contingency fee contract, after settlement is subsequently obtained by a successor attorney, is an issue of first impression in this circuit.
|3Rush argues on appeal that since the contingency fee contract is “the law between the parties,” it must be enforced as such, and *25 his right to collect from the Barrioses is not affected by his failure to publicly record the agreement. Rush relies mainly on the following sentence from Ruiz v. Williams, 425 So.2d 929 (La.App. 4 Cir.1983) (emphasis added): “Thus, failure to properly record the contract means that while the contract will be the latv between the parties, it will have no effect against third parties. Singleton v. Bunge Corp., 364 So.2d 1321 (La.App. 4th Cir.1978).” We agree and reverse the decision below.
Law of Obligations
According to La.Civ.Code art. 1756, “An obligation is a legal relationship whereby a person, called the obligor, is bound to render a performance in favor of another, called the obligee. Performance may consist of giving, doing, or not doing something.” Thus, the contingency fee agreement entered into between Rush and the Barrioses is governed by the laws of obligation. As such, it cannot be rendered unenforceable absent a vice of consent, an error of cause, or a public policy violation. La.Civ.Code arts.1948, 1949 and 1968.
“Consent may be vitiated by error, fraud, or duress.” La.Civ.Code art.1948. Error can vitiate consent “when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party.” La.Civ.Code art.1949. Additionally, the law of obligations states that “[t]he cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy.” La. Civ.Code art.1968. There has been no showing of any of these vitiating factors. Therefore, since the parties in this case freely and validly entered into an agreement, the contingency fee contract to perform legal service in exchange for compensation is an enforceable obligation.
LA.R.S. 37:218
The Barrioses argue that according to the fourth and fifth circuit’s interpretations of La.R.S. 37:218, a discharged attorney’s failure to record the contingency fee agreement pursuant to La.R.S. 37:218 results in forfeiture of the attorney’s right to recover from the former client. See Murray, Murray, Ellis, Braden & Landry v. |4Minge, 516 So.2d 213 (La.App. 4 Cir.1987), writ denied, 516 So.2d 369 (La.1988); and Ferguson v. W. Jefferson Levee Dist. Bd. of Comm’r, 96-385 (La.App. 5 Cir. 11/14/96); 685 So.2d 273, writ granted in part and denied in part, 96-3005 (La.2/7/97); 688 So.2d 486, However, we decline to adopt their interpretations, as they conflict with the rules of statutory interpretation and permit unjust enrichment.
La.R.S. 37:218 provides:
Contract for fee based on proportion of subject matter; stipulation concerning compromise, discontinuance, or settlement
A. By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client’s domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made.
B. The term “fee”, as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.
(Emphasis added.)
The rules of statutory interpretation mandate that “[wjhen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be ap *26 plied, as written and no further interpretation may be made in search of the intent of the legislature.” La.Civ.Code art. 9 (emphasis added). In examining this statute, we are unable to detect any reference to the forfeiture of an attorney’s right to recover a contingency fee from his client in the case of non-recordation. In fact, the statute uses permissive language in discussing recordation, as italicized above.
Based on the above legal principles, we hold that a discharged attorney’s right to recover a contingency fee from his former client is not forfeited by non-recordation |5of the contract. Thus, the trial court erred in granting the Barrioses’ exception of no right of action and motion for summary judgment. Damages
Rush has an enforceable right to recover for the time and effort that he spent representing the Barrioses; that is, from his hiring date to the date of his discharge. According to La.Civ.Code art.1995, “Damages are' measured by the loss sustained by the obligee and the profit of which he has been deprived.” In the context of this case, we interpret this to mean that Rush is entitled to a reasonable value of the time he spent on the case, which is to be computed based on a reasonable hourly rate plus reasonable expenses. Accordingly, we remand the case to the trial court on this issue for a determination of the damages to be awarded to Rush.
CONCLUSION
Based on the above, we reverse the trial court’s granting of the peremptory exception and the motion for summary judgment. The case is remanded to the trial court for a determination of the appropriate fee to be awarded to Rush. Costs of this appeal are assessed to the Barrioses.
REVERSED AND REMANDED.