20 So.2d 405

## GRAVITY DRAINAGE DIST. NO. 2 v. EDWARDS et al.

### No. 37342.

Dec. 11, 1944.

J. H. Inman, of Baton Rouge, for plaintiff-appellant.

Reid & Reid, of Hammond, for defendant-appellee.

FOURNET, Justice.

In this suit, instituted on August 21, 1942, the Gravity Drainage District No. 2 of the Parish of Tangipahoa, through its president, Edward W. Vinyard, is seeking to recover, jointly and in solido, from Andrew M. Edwards, Sr., the A. M. Edwards Company, Inc., and the Ponchatoula Bank & Trust Company, Inc., in Liquidation, under a depository bond executed by Edwards and his corporation, the sum of $28,000 (together with legal interest and attorney fees), the amount lost by the plaintiff when the defendant bank, of which Edwards was then president, was closed on December 17, 1932, and thrown into liquidation. The suit is based on the ground that Edwards, as president of the bank and member of the plaintiff board, knew, when he induced the plaintiff, on August 22, 1932, to maintain its deposit with the bank and add thereto under the guarantee of the deposit's safety in the bond given by him and his corporation, on which this suit is predicated, that the bank was then in a precarious financial condition.

In a prayer for oyer the defendants sought to have produced in court (1) the resolution of the plaintiff authorizing its president to institute the suit, (2) its resolution authorizing the employment of special counsel for its prosecution, (3) the official publication of such resolutions, and (4) the proceeding under which the Attorney General of Louisiana approved the employment of special counsel for this purpose. When a purported copy of the minutes of plaintiff dated November 17, 1942, authorizing the institution of such suit and the employment of special counsel for its prosecution, was submitted by the plaintiff in compliance with this prayer for oyer, the defendants, attacking the validity of the minutes and asserting their ineffectiveness even if valid because of their adoption subsequent to the institution of the suit, sought to have the proceedings dismissed under a plea and exception of lack and want of authority in the plaintiff's president to prosecute the suit. On the trial of this exception the defendants introduced a number of documents to show that the affairs of the plaintiff board had been handled in such a haphazard manner and its meetings had been so informal that none of its resolutions could be considered valid, the affirma-

tions of its various members having been obtained outside the meeting and orally in many instances. They also adduced from Vinyard, the president of the plaintiff board, and Henry G. Lavigne, one of its members, that it had never been the wish of any of the members of the board to bring suit on this bond; that it was only after Jerome Hayes, Supervisor of Public Accounts, and other state officials threatened to institute proceedings against the members of the board personally to recover the money unless this suit was pressed against Edwards and his corporation that they finally agreed to its institution; and that they only employed their present counsel after the district attorney refused to prosecute the suit. As a matter of fact, while the matter was pending in the lower court, a majority of the members of the plaintiff board filed a motion wherein they asked that the suit be dismissed. They stated they believed no monetary advantage could accrue to the plaintiff from the suit's prosecution; that Edwards had not been induced to give this bond through any personal advantage that might accrue to him by reason thereof but had been prompted solely to a desire to assist, as had the instigators of many other such moves with the community's best interest at heart, the local bank and prevent it "from getting caught in the maelstrom of bank closings then prevalent;" and that he should not, as the only solvent defendant, be thus penalized for his efforts in the community's behalf.

The trial judge dismissed the suit and the plaintiff is appealing.

On the day this case was docketed for argument here, the plaintiff board filed its resolution adopted at a special meeting held on November 6 wherein its special attorney, J. H. Inman, was instructed to dismiss the appeal and, in the event he failed or refused to do so, that Bolivar E. Kemp, District Attorney for the Twenty-first Judicial District, its present attorney, carry out the board's wishes in this respect.

Mr. Inman not only refused to file a motion for the dismissal of this appeal but pointed out that the board's resolution had not been accompanied by a motion and was therefore ineffective; in any event, that the plaintiff board was without a right to dismiss the appeal without his (Inman's) approval because he had been employed to prosecute the suit on a contingent basis and thus had an interest in the outcome of the litigation. Being met with this refusal to carry out its mandate, the board, through the district attorney and joined by the attorneys for the defendant, then moved that this court, in pursuance with the resolution of November 6, dismiss the appeal.

■ It is universally recognized that a client may revoke the employment of his attorney at will, and this is true even though the attorney is serving for a contingent fee. United Gas Public Service Co. v. Christian, 186 La. 689, 173 So. 174; Marchand v. Gulf Refining Co. of Louisiana, 187 La. 1002, 175 So. 647; 2 R.C.L. 957, Section 29; and 5 Am.Jur. 330, Section 119.

Mr. Inman apparently realized this and abandoned his claim in this respect for, after his argument here, he filed a supplemental brief opposing the dismissal of this ap-

peal on the sole ground that a succeeding board is without authority to dismiss a suit authorized by its predecessor and to thus abandon the board's claim, donating, in effect, the amount involved in the suit to the defendants.

■■ The only inhibition placed on the withdrawal or dismissal of a case after the appeal has been lodged in this court is the refusal of the appellees to give their consent (Articles 594, 595, 901 of the Code of Practice; Womack v. Varnado, 204 La. 1019, 16 So.2d 825), and inasmuch as the appellees in this case have joined the appellant in its motion to have the appeal dismissed, it will be so ordered.

Since this opinion was written, Mr. Inman has filed a second supplemental brief in which, in addition to the matters hereinabove disposed of, he urges that if we hold the plaintiff is within its rights to abandon this appeal, the matter of his fee be submitted on the face of the record.

According to the minutes of the plaintiff board adopted on November 25, 1941, subsequent to the filing of this suit, Mr. Inman accepted his employment as special counsel in this instance "with the understanding that he shall recover his fee first under the provisions of Act No. 225 of 1918 [providing that where suits are brought against a surety on a bond, 10% attorney fees may also be recovered], and laws amendatory, and if for any reason the Court should hold that the fee therein provided for should be disallowed, then he shall serve under this contract of hire upon a quantum meruit and in no event shall he be paid more than ten per cent of the amount recovered by

him, and in the event of no amount being recovered, he is to receive no compensation." (Brackets ours.)

■■ Of course the recovery of any amount is precluded in this case by the dismissal of this appeal. Under these circumstances, Mr. Inman's right, if any, to a fee must be evaluated on a quantum meruit basis. However, since this matter has not been adjudicated upon in the lower court, it cannot be considered by us.

For the reasons assigned, the appeal is dismissed.