377 So.2d 66 (1979)
Doris Ann SCOTT, Individually and as Tutrix of the Minor Child, Lionel Bell
v.
KEMPER INSURANCE COMPANY and Christian Brotherhood of Homes of Marrero, Inc.
No. 62181.
Supreme Court of Louisiana.
November 12, 1979.
Rehearing Denied December 13, 1979.
*67 E. Howard McCaleb, III, New Orleans, for intervenor-applicant.
Vincent Paciera, Jr., Heisler, Wysocki & DeLaup, New Orleans, for plaintiffs-respondents.
Michael E. Wanek, Hammett, Leake & Hammett, New Orleans, for respondents.
CALOGERO, Justice.[*]
Relator is an attorney who entered into a written one-third contingency fee contract with a personal injury claimant, incorporating the "no settlement without consent" stipulation of R.S. 37:218.[1] After being discharged *68 by the client, relator recorded his contract with the clerk of court in the parish in which the tort suit he had filed was pending. The questions presented are: 1) whether the discharged attorney may nullify the settlement (which the client, with new counsel, later made with defendant) and proceed with the pending suit as if no such settlement had been made; and 2) if he may not so proceed, then what are his rights.[2]
Intervenor/Relator E. Howard McCaleb, III's contract with Doris Ann Scott provided that neither the client nor the attorney "may settle, compromise or dismiss or in any way discontinue my claim without the written consent of the other." Sometime after McCaleb filed suit for Ms. Scott (individually and as tutrix for her minor child Lionel Bell), but before the case was tried, Scott discharged McCaleb and hired other counsel. McCaleb, seeking to protect his interest in the litigation and claim, filed the contingent fee contract in accordance with R.S. 37:218. He also filed a petition of intervention in the pending lawsuit. On a date the case was set for trial Scott settled the claim for $3000 without McCaleb's concurrence or assent. McCaleb then filed a supplement to his intervention petition.
In the original intervention, McCaleb had only sought protection for his one-third fee. In his supplemental petition, he sought to enforce the provisions of R.S. 37:218, requesting that the settlement, made without his written consent, be declared null and void, and that he be permitted to proceed with the suit as if no such settlement or compromise had been made.[3]
The trial judge concluded that R.S. 37:218 does not operate to prevent settlement of the claim. He awarded the intervenor a fee, in the amount of $350 determining that he was due only a reasonable fee on a quantum meruit basis.
Intervenor thereupon appealed. The Court of Appeal in effect held that because intervenor complied with R.S. 37:218, the settlement was suspended (until recognition and payment of the attorney's claim) but not nullified. Citing their own decision in Saucier v. Hayes, 353 So.2d 732 (La.App. 4th Cir., 1977), they held, contrary to the trial court, that an attorney was entitled to his full agreed upon contingency fee if he was dismissed without cause and thereby prevented from completing his work in the case. They also held that, in the alternative, intervenor would be entitled to a fee on the basis of quantum meruit. They remanded the case to the trial court to permit intervenor to try to prove his entitlement to the full contingency fee, or alternatively, the amount he should be due for services rendered.
Intervenor sought writs in this Court contending that since he recorded his contingency fee contract as required by R.S. 37:218, the settlement made without his consent was void. He further contended that the case should be remanded to the district court to be proceeded with as if no such settlement or discontinuance had been made. Intervenor's final contention is that the Court of Appeal erred in citing jurisprudence indicating "that compliance with the statute would simply have served as a lien against the proceeds."
*69 We held relator's application while Saucier v. Hayes, supra, was pending in this Court. After our decision on rehearing in Saucier, we granted relator's application only because the appeal Court's instructions to the trial court for remand consideration, i. e., to determine whether relator had been discharged without cause and was thus entitled to his full contingency fee, or in the alternative what might be his fee entitlement based on quantum meruit, were inconsistent with our later decision in Saucier.
In brief in this Court, intervenor generally concedes the applicability of our decision in Saucier v. Hayes, supra. However, he specifically asks that we decide whether the settlement in this case is null and void under the provisions of R.S. 37:218, since it was made without his consent. That issue was not directly settled in Saucier, where the discharged attorney had not objected to the settlement, or in Calk v. Highland Construction, supra, where the attorney was not at odds with his client and had in fact effected the settlement.
The client herein, Ms. Scott, relies on Saucier and suggests that the decision supports her position and that of the trial judge that intervenor is due only a fee based upon quantum merit.
The issues here turn on the question of whether the last sentence of R.S. 37:218 may be literally applied ("[a]fter such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance or other disposition had been made.") For the following reasons, some of which were expressed in Saucier and Calk, we hold that it may not.
As we determined in Saucier, statutes which tend to impede or frustrate this Court's constitutionally imposed judicial authority in connection with disciplinary proceedings and regulations of attorney's law practice will not be approved. We said in that case:
"In deciding this case we recognize as a primary consideration the Court's duty to assert the authority conferred by the Constitution to regulate the practice of law, which stems from the grant of original exclusive jurisdiction of disciplinary proceedings against a member of the bar. La.Const. Art. V, § 5(B); see Louisiana State Bar Association v. Edwins, 329 So.2d 437 (La.1976). As set forth more fully in the dissent on original hearing, this Court's prevailing judicial authority resulted in the adoption and promulgation of the Articles of Incorporation of the Louisiana State Bar Association, which Articles came to incorporate the Code of Professional Responsibility, in lieu of the Canons of Professional Ethics. The Code of Professional Responsibility which regulates attorneys' practices has been recognized as having the force and effect of substantive law. As a result, these rules set forth by virtue of the Court's exercise of its prevailing judicial authority override legislative acts which tend to impede or frustrate that authority; only legislative enactments in this area which aid the Court's inherent powers will be approved." Saucier v. Hayes, supra, at 115. (emphasis provided)
Thus, if R.S. 37:218 is to be literally applied it must not be in conflict with the Code of Professional Responsibility.
Specifically, two disciplinary rules of the Code of Professional Responsibility (approved by this Court and adopted by the Louisiana State Bar Association) militate against the literal application of the last sentence of R.S. 37:218.
Disciplinary Rule 2-110(B)(4) recognizes the client's absolute right to discharge his attorney. It provides in pertinent part:
"DR2-110 Withdrawal from Employment...
B) Mandatory withdrawal.
A lawyer representing a client before a tribunal, with its permission if required by its rules, shall withdraw from employment, and a lawyer representing a client in other matters shall withdraw from employment, if:
* * * * * *

*70 (4) He is discharged by his client."
And Disciplinary Rule 5-103, while acknowledging that a lawyer may contract with a client for a reasonable contingency fee, specifically prohibits, as we determined in Saucier v. Hayes, an attorney's acquiring a proprietary interest in the client's cause of action:[4]
Disciplinary Rule 5-103
"(A) A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation he is conducting for a client, except that he may:
(1) Acquire a lien granted by law to secure his fee or expenses.
(2) Contract with a client for a reasonable contingent fee in a civil case."
Thus an attorney can neither force his continued representation of a client who wishes to discharge him, nor obtain, by any means, a proprietary or ownership interest in the client's claim. Therefore, he may not proceed with the suit or claim as if settlement had not been made. And he has no right to interfere with or nullify the settlement which his former client has made, (as in this case) or chooses to make.
This brings us to the second question in this case, which prompted our granting writs herein: Just what are the intervenor's (attorney's) rights with respect to his fee in this situation?
We have already said that R.S. 37:218 affords the attorney a privilege on the proceeds of the settlement for payment of the fee which he has earned (Saucier v. Hayes, supra), and that where the settlement funds have not been disbursed, that privilege attaches in preference to the right of the client's seizing creditor, even where the contract is not recorded. Calk v. Highland, supra. See also R.S. 9:5001 for similar treatment of the proceeds from judgments and Roberts v. Hanover Insurance Co., 338 So.2d 158 (La.App. 2nd Cir. 1976).
Beyond this however, may the attorney prevent settlement funds from being disbursed to his prejudice.
As we said in Calk, the legislative intent in passing R.S. 37:218 was to afford the contingency fee attorney comparable rights relative to settlements which he has relative to judgments and their proceeds. R.S. 9:5001. And while, for reasons above stated, we can not constitutionally apply R.S. 37:218's concluding sentence literally, we can apply it so as to effect its purpose within permissible bounds.
The obvious intent of R.S. 37:218 is to prevent a client's discharging an attorney and thereby depriving the attorney of his earned fee. Therefore, if the attorney with a written contingency fee contract bearing the no consent stipulation "file[s] and records it with the clerk of court in the parish in which the suit is pending ..", then a defendant who disburses the settlement proceeds without ascertaining and paying the fee to which the attorney is due, will do so to his prejudice. The extinguishing effect of the settlement will therefore be suspended, as the Court of Appeal determined in this case, until recognition and payment of the fee to which the attorney is entitled, determined in accordance with the principles established in Saucier.
Unlike the situation in Calk, where recordation of the contingency fee contract is irrelevant in a contest between an attorney and the client's creditor, imposition of an obligation upon the client's obligor in the suit to retain settlement funds until determination of fee entitlement, is dependent upon the attorney's full compliance with R.S. 37:218, including the recordation of the contract as stipulated therein.
It is therefore proper to remand the case to the trial court, as did the Court of Appeal, to allow the intervenor to prove the amount of the fee to which he is entitled. However, that proof should be made in *71 accordance with our opinion in Saucier v. Hayes, supra, and not simply on a quantum meruit basis.[5]Saucier directed a method of calculation whereby the trial judge would determine first what was the highest of the contingency fee percentages contracted for by the client, and he would then divide that fee appropriately among the attorneys. Saucier stated "This solution envisions apportionment of only the highest agreed upon contingent fee in accordance with factors set forth in the Code of Professional Responsibility. Thus the fee is to be apportioned according to the respective services and contributions of the attorneys for work performed and other relevant factors."[6]
Therefore, although the discharged attorney with a recorded contingent fee contract may not nullify his client's later settlement or proceed with the litigation as though no settlement had been made, he is entitled to the substantial protection for his earned fee as outlined above.

Decree
The judgment of the Court of Appeal is affirmed insofar as it rejected relator's attempt to vacate the settlement and to proceed with the case. It is also affirmed insofar as it remanded the case to the district court for further proceedings concerning relator's fee entitlement. Otherwise, it is reversed. The case is remanded to the district court for further proceedings consistent with this opinion.
JUDGMENT AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SUMMERS, C. J., dissents. See my dissent in Saucier v. Hayes, 373 So.2d 102 (La.1978).
DIXON, J., dissents with reasons.
MARCUS, J., dissents for reasons in the dissents in Saucier v. Hayes Dairy Products, Inc., 373 So. 102 (La.1978).
DIXON, Justice (dissenting).
I respectfully dissent.
For the reasons expressed in my dissent in Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102, 119, I cannot agree. R.S. 37:218 should be recognized and enforced.
NOTES
[*] Chief Judge Paul B. Landry, Retired, is sitting by Assignment as Associate Justice Ad Hoc in place of Tate, J. upon this case.
[1] Louisiana Revised Statute 37:218 provides:

"By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made."
[2] This case is a sequel to Saucier v. Hayes, 373 So.2d 102 (La.1978) and Calk v. Highland Construction, 376 So.2d 495 (La.1979). In Saucier we held that the "interest" in the claim which the attorney may ethically and legally acquire under R.S. 37:218 is no more than a privilege on the settlement proceeds to satisfy his fee (to be calculated in accordance with principles set forth in that opinion). In Calk, we held that the privilege/interest afforded an attorney with a contingency fee contract, even though unrecorded, attaches to settlement proceeds in preference to the claim of a seizing creditor, provided it is legally asserted prior to disbursement.
[3] While it is not clear from the pleadings presently before us, it appears that at that time the settlement had not been fully consummated for the lawsuit had not yet been dismissed.
[4] We thus determined that with respect to R.S. 37:218, "the `interest in the subject matter of the suit, proposed suit or claim' safeguarded by the statute is, we believe, no more than a privilege granted to aid the attorney's collection of a fully earned fee out of the fund which the satisfaction of the client's claim yields." (emphasis provided) Saucier v. Hayes, supra, at 117.
[5] In Saucier v. Hayes we said:

"... The amount prescribed in the contingency fee contract, not quantum meruit, is the proper frame of reference for fixing compensation for the attorney prematurely discharged without cause." Saucier v. Hayes, supra, at 118.
And "Determination of just what non-excessive fee the discharged attorney has `earned' in the case of the contingency fee employment contract (followed by discharge, employment of other counsel and settlement) is not a simple matter. Focusing alone upon the attorney's investment of time, or even considering in addition such matters as counsel's skill, the importance of the case and other readily identifiable factors, does an injustice to the attorney. ..." Saucier v. Hayes, supra, at 117.
[6] These relevant factors are set forth in the Code of Professional Responsibility, DR2-106:

DR2-106. Fees for Legal Services.
"Factors to be considered as guides in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent."