KLEES, Judge.
Plaintiff, an attorney, filed suit to record his contingent fee against a client whom he had represented in a workmen’s compensation claim, the client’s employer and the employer’s workmen’s compensation insurer. The compensation insurer filed exceptions of prematurity, improper joinder of parties, and failure to state a cause of action. The trial court granted the exceptions and dismissed plaintiff’s suit against the compensation insurer with prejudice. Plaintiff appeals, we affirm the trial court’s ruling.
Dewey E. Williams was injured while in the course and scope of his employment with Westinghouse Elevator Company. He entered into a contingency fee contract with appellant, an attorney, wherein he assigned a 20% contingency fee to the appellant. The contract further provided that neither party may settle, compromise, dismiss, terminate or in any other manner dispose of the claim without the written consent of the other.
Appellant contends that he made formal demand upon Liberty Mutual Insurance Company, by letter, to institute compensation benefits for his client. The company complied with his demand, and did commence payment on a weekly basis. However, by letter, Mr. Williams discharged appellant, informing him that other counsel had been obtained.
Appellant claims that even after repeated requests, Mr. Williams has refused to pay him any compensation for his professional services.
Appellant alleges that his contingency fee is allowed under the Louisiana Workmen’s Compensation Law, LSA-R.S. 23:1141 and that this suit was filed in accordance with LSA-R.S. 37:218 to protect his fee.
The trial court was correct in dismissing appellant’s suit for failure to state a cause of action, because the law does not afford a remedy to appellant based upon the allegations in his petition. The mere claim in the petition that Liberty Mutual Insurance Company was the workmen’s compensation insurer of Westinghouse Electric Corporation does not in itself establish a cause of action in favor of appellant. LSA-R.S. 37:218 provides:
“§ 218. Contract for fee based on proportion of subject matter; stipulation concerning compromise, discontinuance or settlement.
By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either *931 party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client’s domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made.”
It is this court’s opinion, nonetheless, that LSA-R.S. 37:218 must be read in conjunction with LSA-R.S. 44:71 which states:
“§ 71. Clerks of Court are ex officio recorders
The clerks of the several district courts throughout the state, the parish of Orleans excepted, are ex officio parish recorders of conveyances, mortgages and other acts.” (Emphasis added)
Recordations in Orleans Parish are specifically dealt with in LSA-R.S. 44:201, et seq.
Here, although appellant has filed the contract, there has been no recordation.
In Scott v. Kemper Insurance Company, 377 So.2d 66 (La.1979), at p. 70, the Supreme Court stated:
“The Obvious intent of R.S. 37:218 is to prevent a client’s discharging an attorney and thereby depriving the attorney of his earned fee. Therefore, if the attorney with a written contingency fee contract bearing the no consent stipulation ‘file[s] and records it with the clerk of court in the parish in which the suit is pending ... ’, then a defendant who disburses the settlement proceeds without ascertaining and paying the fee to which the attorney is due, will do so to his prejudice. The extinguishing effect of the settlement will therefore be suspended, as the Court of Appeal determined in this case, until recognition and payment of the fee to which the attorney is entitled, determined in accordance with the principles established in Saucier [353 So.2d 732 (La.App.1977) ]. Unlike the situation in Calk [376 So.2d 495 (La.1979)] where recordation of the contingency fee contract is irrelevant in a contest between an attorney and the client’s creditor, imposition of an obligation upon the client’s obligor in the suit to retain settlement funds until determination of fee entitlement, is dependent upon the attorney’s full compliance with R.S. 37:218, including the recordation of the contract as stipulated therein.”
In order to be enforceable, a contingent fee contract must be in full compliance with the provisions of R.S. 37:218. Thus, failure to properly record the contract means that while the contract will be the law between the parties, it will have no effect against third parties. Singleton v. Bunge Corp., 364 So.2d 1321 (La.App. 4th Cir.1978).
The exception of prematurity was valid because no workmen’s compensation suit was yet pending between Mr. Williams, Westinghouse Electric Corporation and Liberty Mutual Insurance Company. An intervention by appellant into an existing suit, however, could have withstood such an exception.
To support his contention that the trial court erred in dismissing his suit, appellant cites several cases concerning a discharged attorney’s right to his fee. However, as pointed out by appellee, in each of those cases, the attorney had properly filed and recorded his contingent fee contract and later intervened into a lawsuit brought by his former client.
This lawsuit brought by appellant was not the proper vehicle under the law to record and file the contingent fee contract.
Hence, the trial court was correct in granting appellee’s exceptions and dismissing appellant’s suit against them.
Accordingly, for the reasons discussed above, the judgment appealed from is hereby affirmed.
AFFIRMED.