798 So.2d 982 (2001)
Richard FRANCIS
v.
Theo HOTARD d/b/a Hotard's Trailer Park and Audubon Insurance Company.
No. 2000 CA 0302.
Court of Appeal of Louisiana, First Circuit.
March 30, 2001.
Not Considering Writ June 22, 2001.
*984 Richard Francis, Berwick, In Proper Person.
Carlos E. Lazarus, Jr., Dixie C. Brown, Houma, Counsel for DefendantsAppellees Theo Hotard d/b/a Hotard's Trailer Park and Audubon Insurance Company.
Lester J. Waldmann, Brian C. Beckwith, Gretna, Counsel for IntervenorAppellant Lester J. Waldmann, APLC.
Before: PARRO, FITZSIMMONS, and GUIDRY, JJ.
FITZSIMMONS, J.
Mr. Lester J. Waldmann is an attorney. He is also the plaintiff-in-intervention. Mr. Waldmann appealed the dismissal of his client's suit, as well as Mr. Waldmann's intervention in that suit.[1] We affirm the dismissal of the main demand. We affirm the dismissal of the intervention against all parties, except the client, Mr. Richard Francis. We remand for further proceedings.
Mr. Waldmann and his client, Mr. Francis, signed a contingency fee employment contract on July 30, 1996. In the contract, Mr. Francis agreed that his claims would not be "compromised without the written consent of [Mr. Waldmann]." The contingency fee contract was not recorded in the parish mortgage or conveyance records.
On the main demand for damages, Mr. Waldmann filed suit on behalf of Mr. Francis and against defendants, Theo Hotard d/b/a Hotard's Trailer Park (Mr. Hotard) and Audubon Insurance Company. After filing the suit, Mr. Francis discharged Mr. Waldmann. To secure his attorney's fees and "all expenses incurred in litigation," Mr. Waldmann intervened in the Francis suit on January 29, 1999. Mr. Francis, Mr. Hotard, and his insurer were named as defendants.
On March 10, 1999, Mr. Francis moved for dismissal of his suit for damages against the defendants in the main demand, Mr. Hotard and his insurer. The trial court dismissed the suit, with prejudice. Subsequently, the trial court denied Mr. Waldmann's motion for new trial, and dismissed the intervention. On appeal, Mr. Waldmann argues that the dismissal of the main demand and the dismissal of the intervention were error.
"Officers of a court, such as ... attorneys, ... cannot purchase litigious rights under contestation in the jurisdiction *985 of that court." La. C.C. art. 2447. However, an attorney, "[b]y written contract," may secure "as his fee an interest in the subject matter of a suit ... of which he is employed ...." La. R.S. 37:218A. The interest obtained is not an ownership interest, but operates as a privilege on funds engendered by the suit "to aid the attorney's collection" of the fee. Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102, 117 (La.1978)(on rehearing). The recoverable "fee" includes "amounts advanced by the attorney." La. R.S. 37:218B. Of course, even with a contract, the client has a right to discharge the attorney (and terminate the contract) at any time, with or without cause, subject to liability for payment for reasonable attorney's fees. Scott v. Kemper Insurance Company, 377 So.2d 66, 70 (La.1979); Gravity Drainage Dist. No. 2 v. Edwards, 207 La. 1, 20 So.2d 405, 406 (1944).
The parties to the contingency fee contract may stipulate "that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim." La. R.S. 37:218A. If such an agreement is breached, and the contract was recorded with the clerk of court, the statute speaks of a right to "null and void" the settlement and proceed with the suit. Id. However, because the attorney's interest in the suit is no more than a privilege on any settlement funds, the attorney "may not proceed with the suit" and "has no right to interfere with or nullify the settlement which his former client has made, ... or chooses to make." Scott, 377 So.2d at 70. Subject to recordation of the contract, the attorney may impose "an obligation upon the client's obligor in the suit," including the defendant's insurer, "to retain settlement funds until determination of fee entitlement...." Id; see Hawthorne v. National Union Fire Insurance Company, 562 So.2d 473, 475 (La.App. 3d Cir.), writ denied, 567 So.2d 103 (La.1990). If the settlement funds have been disbursed, the "extinguishing effect of the settlement will... be suspended ... until recognition and payment of" the fee. Scott, 377 So.2d at 70. Failure to record the contingency fee contract forfeits the attorney's right to impose the obligation on third parties to that contract. La. R.S. 37:218A; Scott, 377 So.2d at 70; Hawthorne, 562 So.2d at 475; Ruiz v. Williams, 425 So.2d 929, 931 (La.App. 4th Cir.1983).
La. R.S. 37:218 specifies a place of recordation. Before its amendment by La. Acts 1975, No. 670, § 1, La. R.S. 37:218 required two steps: the contract had to be filed with the district court clerk, and it had to be served on opposing parties. Thus, the amendment changed the procedure to include recordation "with the clerk of court in the parish in which the suit is pending or ... in the parish of the client's domicile." La. R.S. 37:218A. As evidenced by the change in wording, the contract must now be recorded in the parish public records, rather than the suit record. See Ruiz, 425 So.2d at 931.
However, to recover from his former client, recordation is not required for the attorney to maintain a privilege on any compromise or settlement funds. See La. R.S. 37:218A; Saucier, 373 So.2d at 117; Scott, 377 So.2d at 70 (between client and attorney, recordation "irrelevant"); Calk v. Highland Construction & Manufacturing, 376 So.2d 495, 499-500 (La.1979) (superseded by statute, on other grounds; section B was added to La. R.S. 37:218 by La. Acts 1989, No. 78, § 2, effective June 16, 1989) (no recordation necessary between attorney and client); Rush, Rush & Calogero v. Barrios, 97-1532, pp. 4-5 (La. App. 3 Cir. 4/22/98), 716 So.2d 23, 26, writ denied, 98-2114 (La.11/6/98), 728 So.2d 868 *986 (non-recordation does not forfeit right to recover fee from client); Ruiz, 425 So.2d at 931 (contract is the law between the parties).

MAIN DEMAND
We affirm the trial court's dismissal of the main demand. Regardless of whether a compromise and recordation were proved, Mr. Waldmann cannot "obtain, by any means, a proprietary or ownership interest in the client's claim." Scott, 377 So.2d at 70. Mr. Waldmann "may not proceed with the suit"; and, he "has no right to interfere with or nullify [any] settlement," or compromise. Id. Mr. Waldmann's recourse lies in the intervention, not resurrection of the main demand.

INTERVENTION
The dismissal of the intervention against Mr. Hotard and his insurer is also affirmed. Mr. Hotard and his insurer are not parties to the fee contract between Mr. Waldmann and Mr. Francis. The record contains no evidence that the parties to the main demand entered into any compromise or settlement to effect the dismissal. The court did order the "defendants to pay all court costs," but the record contains no evidence that such payment of costs was made or acted as a basis for a compromise. Notwithstanding any possible compromise, without notice of the contract to third parties by recordation in the public record, no basis for the intervention against Mr. Hotard and his insurer exists. Mr. Waldmann did not record the contract in the parish records. See La. R.S. 37:218A; Ruiz, 425 So.2d at 931. "Sans" recordation, Mr. Waldmann cannot impose an obligation on Mr. Hotard and his insurer to seek payment of any fee due. See La. R.S. 37:218A; Scott, 377 So.2d at 70; Hawthorne, 562 So.2d at 475; Ruiz, 425 So.2d at 931.
However, under the facts of this case, Mr. Waldmann does have a cause of action for fees against Mr. Francis. Failure to record does not extinguish the attorney's right to recover his fees. See Scott, 377 So.2d at 70; Rush, Rush & Calogero, 97-1532 at pp. 4-5, 716 So.2d at 25-26; Hawthorne, 562 So.2d at 474; Ruiz, 425 So.2d at 931.
Additionally, we note that the Saucier privilege presupposes a fund of some type. It does not contemplate a dismissal, with prejudice, as well as no satisfaction or compromise of the plaintiffs claims. Without a fund on which a privilege may attach to help the attorney collect his fee, La. R.S. 37:218 may not be applicable. However, with or without the benefit of La. R.S. 37:218, the reinstatement of the intervention against Mr. Francis is correct. The contractual right of the attorney to recover fees from his client remains; such a recovery is subject to the court's authority to review excessive or unearned fees. Calculation of any fee due under the contingency fee contract should reference the guidelines and concerns expressed in Saucier (attorney discharge without cause), and O'Rourke v. Cairns, 95-3054 (La.11/25/96), 683 So.2d 697 (discharge with cause).
Lastly, the dismissal of the main demand does not render the intervention against Mr. Francis invalid. An intervention may stand alone. Code of Civil Procedure article 1039 provides: "If an incidental demand has been pleaded prior to motion by plaintiff in the principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental action, which must be tried and decided independently of the principal action." Accordingly, the dismissal of the intervention against Mr. *987 Francis is reversed, and the intervention against Mr. Francis is reinstated.
For these reasons, we reverse in part, affirm in part, and remand for further proceedings consistent with this opinion. The costs of the appeal are assessed to appellant, Mr. Waldmann.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
NOTES
[1] Mr. Waldmann did not appeal the judgment dismissing the main demand, but instead appealed the judgment denying his motion for a new trial and dismissing the intervention. An order denying a motion for new trial is generally a nonappealable judgment, reviewable only under supervisory jurisdiction for abuse of discretion. Bailey v. Robert V. Neuhoff Limited Partnership, 95-0616, pp. 3-4 (La. App. 1 Cir. 11/9/95), 665 So.2d 16, 18, writ denied, 95-2962 (La.2/9/96), 667 So.2d 534. However, in this case, the trial court's action in dismissing the intervention equated to an appealable judgment as either a final judgment or an interlocutory judgment that may cause irreparable harm. See La. C.C.P. art. 2083. Additionally, it is clear from the brief that Mr. Waldmann meant to appeal from both dismissals. In the interest of justice, we conclude that the rulings on the main demand and the intervention are interwoven, and part of an unrestricted, overall appeal. Thus, both are properly before us on appellate review. La. C.C.P. art. 2164; dela Vergne v. dela Vergne, 99-0364, pp. 2-3 (La.App. 4 Cir. 11/17/99), 745 So.2d 1271, 1272-73. Neither side has objected to both rulings being considered on appeal.