STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2018 CA 1784

DODSON & HOOKS, APLC

VERSUS

THE LOUISIANA COMMUNITY DEVELOPMENT CAPITAL FUND, INC.
"CAPFUND"

Consolidated with

2018 CA 1785

THE LOUISIANA COMMUNITY DEVELOPMENT CAPITAL FUND, INC.
(CAPFUND)

VERSUS

DODSON & HOOKS, APLC

Judgment Rendered: DEC 1 8 2019

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Nos. C642674, Sec. 27 c/w C652673, Sec. 23

Honorable Todd Hernandez, Judge Presiding

* * * * * *

| | |
|---|---|
| Alan W. Stewart<br>James H. Gibson<br>Michael O. Adley<br>Lafayette, Louisiana<br>Kenneth Henry Hooks<br>Baton Rouge, Louisiana | Counsel for Defendant-in-Reconvention/Appellee<br>Dodson & Hooks, APLC |
| Ernest L. Johnson<br>Arthur R. Thomas<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant<br>Louisiana Community Development<br>Capital Fund, Inc. |
| Christopher M. Vitenas<br>Henry Price Mounger, III<br>Baton Rouge, Louisiana<br>and<br>Brian Ballay<br>New Orleans, Louisiana | Counsel for Intervenor<br>CB&I Government Solutions, Inc. |

* * * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

Holdridge J. dissents for reasons assigned.
Welch J. concurs in result without reasons.

**McCLENDON, J.**

In this suit for damages, the plaintiff challenges the judgment of the trial court that granted the defendant's peremptory exception raising the objection of no cause of action and dismissed the plaintiff's principal demand with prejudice. For the reasons that follow, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 7, 2015, Dodson, Hooks, & Frederick, APLC (Dodson & Hooks) and Louisiana Community Development Capital Fund, Inc. (Capfund) entered into an attorney-client contract. Pursuant to the contract, the parties agreed that Dodson & Hooks would represent Capfund in Capfund's lawsuit to recover payments due under a contract with CB&I Government Solutions, Inc. (CB&I). The contract also provided that, in consideration for services rendered, Capfund agreed to pay Dodson & Hooks "[f]orty (40%) percent of all amounts which may be recovered ... pursuant to arbitration and/or litigation," in addition to reimbursement for all costs related to the litigation. The attorney-client contract also provided that Capfund granted a special privilege to Dodson & Hooks for their professional fees "on all money and property recovered and/or obtained" for Capfund. The contract further provided that neither Dodson & Hooks nor Capfund could settle any claim commenced pursuant to the contract without the consent of the other.

The Arbitration Proceedings

On February 9, 2015, Dodson & Hooks filed an arbitration proceeding with the American Arbitration Association on behalf of Capfund against CB&I for the payment of outstanding invoices in the amount of $280,000.00. Shortly prior to the arbitration hearing, on September 18, 2015, CB&I paid Capfund directly the amount of $207,934.91 for the payment of invoices. Thereafter, Dodson & Hooks requested payment of its costs and fees from Capfund. Capfund failed to pay Dodson & Hooks, claiming that no attorney fees were due to Dodson & Hooks from the payment from CB&I to Capfund. Because of Capfund's refusal to pay, Dodson & Hooks withdrew from

2

its representation of Capfund.[1] Also, Dodson & Hooks sent a letter to the American Arbitration Association, dated November 5, 2015, requesting that a copy of its attorney/client contract with Capfund be filed into the record of the arbitration proceedings to assert its attorney fee lien.[2]

On November 17, 2015, after Dodson & Hooks's withdrawal from its representation of Capfund, CB&I made an offer of settlement to Capfund in the amount of $10,000.00 in exchange for a full release from Capfund and Dodson & Hooks. Dodson & Hooks refused to release any claims it had against Capfund for attorney fees and costs. Capfund and CB&I were unable to reach a settlement of CB&I's claims, which proceeded to arbitration. CB&I succeeded on its claim and was awarded $83,156.82 against Capfund.

Thereafter, Dodson & Hooks filed a separate arbitration claim for attorney fees and costs against Capfund, asserting that the $207,934.91 payment by CB&I to Capfund constituted payment on the demand asserted against CB&I in the first arbitration proceeding for unpaid and outstanding invoices. Dodson & Hooks further represented that on payment of the $207,934.91 amount to Capfund, it sent a settlement statement to Capfund with the calculation of fees and costs owed, in the amount of $98,705.24, and requested payment of same. Dodson & Hooks alleged that Capfund refused to pay any of the costs and fees owed. Accordingly, Dodson & Hooks asserted its security interest for $98,705.24 of the funds paid by CB&I to Capfund.

In response to the second arbitration proceeding, Capfund filed a counterclaim for damages against Dodson & Hooks asserting that Dodson & Hooks wrongfully failed to consent to CB&I's settlement offer in the first arbitration proceeding. Ultimately, the arbitrator dismissed Capfund's counterclaim, finding that the agreement between Dodson & Hooks and Capfund clearly required that "both client and law firm consent to any settlement" with CB&I and that Dodson & Hooks could not be "held at fault" for declining to agree to a settlement reached by CB&I and Capfund.

---

[1] The arbitration proceeding continued as CB&I had filed a counterclaim against Capfund.

[2] In their transmittal letter, Dodson & Hooks stated that while they had not been allowed to intervene in the arbitration proceeding, they had been granted permission to be involved in discovery.

3

<u>The District Court Proceedings</u>

On September 30, 2015, Dodson & Hooks filed a Petition to Enforce Contract, for Damages and for Writ of Sequestration against Capfund in the 19th Judicial District Court, seeking the $98,705.24 amount for fees and expenses. On November 4, 2016, Capfund filed its own Petition for Damages against Dodson & Hooks for the "wrongful and unlawful filing of a lien by the defendant in an arbitration proceeding in which defendant was not a party." Capfund attached nine exhibits to its petition, including a copy of the attorney-client contract.[3] On motion of Capfund, the cases were consolidated on May 22, 2017.

In response to Capfund's lawsuit, Dodson & Hooks filed a peremptory exception raising the objection of no cause of action.[4] The trial court granted the exception of no cause of action, but allowed Capfund to amend its petition to state a valid cause of action against Dodson & Hooks. In sustaining the exception, the trial court held:

> [T]he law fails to provide a cause of action or remedy against [Dodson & Hooks] as asserted in the petition for damages filed by [Capfund]. [Capfund's] petition asserts that [its] cause of action arises out of [Dodson & Hooks'] unlawful and/or wrongful filing of a lien in the arbitration proceeding and that this conduct prevented a favorable settlement. The law specifically authorized [Dodson & Hooks] to pursue the protection of [its] rights and/or privilege by filing [its] lien in the arbitration proceeding.

Capfund filed its amending petition on October 2, 2017, again seeking damages from Dodson & Hooks "for wrongfully and unlawfully interfering in the arbitration suit [by Capfund against CB&I] by filing and recording a lien ... therein in bad faith and/or with malice." Capfund also filed a reconventional demand in the suit filed by Dodson & Hooks, again alleging that the privilege asserted by Dodson & Hooks was unlawful.

On October 20, 2017, Dodson & Hooks filed a new peremptory exception objecting to Capfund's failure to state a cause of action. Following a hearing on January 30, 2018, the trial court took the matter under advisement. On April 5, 2018,

---

[3] The exhibits attached to Capfund's original petition included a copy of the correspondence dated November 5, 2015, from Dodson & Hooks requesting that the attorney-client contract be filed into the arbitration suit between Capfund and CB&I, together with a copy of the contract; copies of several emails between Capfund, CB&I, or Dodson & Hooks; and a copy of the 19th Judicial District Court judgment dated July 18, 2016, confirming the arbitration award in favor of CB&I in the amount of $83,156.82.

[4] Dodson & Hooks also filed other exceptions, including the dilatory exceptions of vagueness/ambiguity and nonconformity, and the peremptory exceptions of no right of action and res judicata, which were denied by the trial court.

4

the trial court sustained the exception of no cause of action and dismissed Capfund's claims against Dodson & Hooks with prejudice. In its ruling, the trial court determined that Dodson & Hooks had a legal right to pursue its claim for attorney fees, stating that, pursuant to the attorney-client contract, Dodson & Hooks "had the unquestionable right to assert a lien for nonpayment of attorney fees that they feel is lawfully owed to them."

In conformity with its ruling, the trial court signed a judgment on June 28, 2018, dismissing Capfund's reconventional demand with prejudice, and signed a second judgment on July 23, 2018, dismissing Capfund's principal demand with prejudice. Capfund has appealed from the July 23, 2018 judgment on the principal demand, asserting that the trial court erred in granting Dodson & Hooks's exception of no cause of action.

## DISCUSSION

The purpose of an exception raising the objection of no cause of action is to determine the sufficiency in law of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. **Calloway v. Lobrano**, 16-1170 (La.App. 1 Cir. 4/12/17), 218 So.3d 644, 648. The exception is triable on the face of the petition. For the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. **City of New Orleans v. Board of Commissioners of Orleans Levee District,** 93-0690 (La. 7/5/94), 640 So.2d 237, 241; see LSA-C.C.P. arts. 927 and 931. Furthermore, the facts shown in any documents annexed to the petition must also be accepted as true. **Cardinale v. Stanga,** 01-1443 (La.App. 1 Cir. 9/27/02), 835 So.2d 576, 578; see also LSA-C.C.P. art. 853 ("A copy of any written instrument that is an exhibit to a pleading is a part thereof."). The burden of demonstrating that no cause of action has been stated is on the exceptor. **Home Distribution, Inc. v. Dollar Amusement, Inc.,** 98-1692 (La.App. 1 Cir. 9/24/99), 754 So.2d 1057, 1060.

In ruling on an exception of no cause of action, the trial court must determine whether the law affords any relief to the claimant if he proves the factual allegations in the petition and annexed documents at trial. **Adams v. Owens-Corning Fiberglas**

5

**Corp.**, 04-1296 (La.App. 1 Cir. 9/23/05), 921 So.2d 972, 975, <u>writ denied</u>, 05-2501 (La. 4/17/06), 926 So.2d 514. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931. The only documentary evidence that may be considered on an exception raising the objection of no cause of action is that which has been annexed to the petition, unless the evidence is admitted without objection to enlarge the petition. **Calloway**, 218 So.3d at 648.

When a petition is read to determine whether a cause of action has been stated, it must be interpreted, if possible, to maintain the cause of action instead of dismissing the petition. Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding that a cause of action has been stated. **Brister v. GEICO Ins.**, 01-0179 (La.App. 1 Cir. 3/28/02), 813 So.2d 614, 617. However, the correctness of conclusions of law is not conceded for the purposes of a ruling on an exception of no cause of action. **CamSoft Data Systems, Inc. v. Southern Electronics Supply, Inc.**, 15-1260 (La.App. 1 Cir. 9/23/15), 182 So.3d 1009, 1016.

Additionally, the reviewing court conducts a *de novo* review of a trial court's ruling sustaining an objection raising the exception of no cause of action, because the exception raises a question of law, and the lower court's decision is based only on the sufficiency of the petition. **Adams**, 921 So.2d at 976.

On appeal, Capfund initially contends that the trial court erred in considering evidence outside of the record in ruling on the exception of no cause of action. Capfund seems to be arguing that because it alleged in its petition that Dodson & Hooks had not earned any attorney fees, the trial court must have considered evidence outside of the record to conclude that Dodson & Hooks had earned fees entitling it to file and record the lien in the arbitration proceeding. However, the trial court never determined that Dodson & Hooks earned any attorney fees. Rather, the trial court concluded that the law did not afford Capfund a remedy to sue for the claims it asserted. Moreover, Capfund attached to its petition several documents, including the attorney-client contract, which the trial court clearly could have considered.

Additionally, Capfund failed to identify what evidence outside the record the trial court relied upon. In its reasons, the trial court specifically stated that the only evidence it considered in its ruling was the petition for damages, the amending petition, and the attorney/client contract, which was attached to Capfund's original petition. The trial court further stated that "[t]he court did not consider any other evidence introduced by any party in connection with [Dodson & Hook's exception]." Accordingly, we find that Capfund's first assignment of error lacks merit.

In its remaining assignments of error, Capfund maintains that Dodson & Hooks had no contractual or statutory right to file its lien in the arbitration proceeding of a former client. Particularly, Capfund asserts that Dodson & Hooks acted with bad faith and malice in filing the lien without authority; refusing to remove the lien thereby denying Capfund the right to resolve the arbitration suit; and withdrawing without cause from representing Capfund before the suit was completed, causing Capfund to incur additional attorney fees and costs. Averring that it alleged sufficient grounds for relief, Capfund contends that the trial court erred in granting the exception of no cause of action.

Louisiana Revised Statutes 37:218 provides:

A. By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. Such interest shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition has been made.

B. The term "fee", as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.

Pursuant to this statute, an attorney may acquire an interest in a "suit, proposed suit, or claim" of a client by contingency fee contract. That interest operates as a privilege on funds eventually obtained in the suit or claim. The interest is not an ownership interest in the suit or claim. See **Saucier v. Hayes Dairy Products, Inc.**, 373 So.2d 102, 117 (La. 1978) (on rehearing). Recordation under LSA-R.S. 37:218A is not necessary for enforcement of a contingency contract between the attorney and the client.[5] The contract is the law between the parties. See **Scott v. Kemper Ins. Co.**, 377 So.2d 66, 70 (La. 1979); **Calk v. Highland Const. & Mfg.**, 376 So.2d 495, 499 (La. 1979); **Francis v. Hotard**, 00-0302 (La.App. 1 Cir. 3/30/01), 798 So.2d 982, 985, writ not considered, 01-1323 (La. 6/22/01), 793 So.2d 1263.

In accordance with LSA-R.S. 37:218, Capfund and Dodson & Hooks entered into an attorney-client contract, which provided, in pertinent part:

> Client employs Attorneys to represent him/her whether by suit, arbitration, compromise or otherwise, for the claims against [CB&I] and/or against any other person, firm, or corporation liable in damages arising out of violations of the terms of the funding contract, and failure to render payment thereunder for services rendered, and other causes of action associated with this matter.
>
> * * *
>
> Client assigns and Attorneys accept and acquire as their fee a proportionate interest in the subject matters of any claim, action, or suit instituted or asserted under provisions of this contract of professional employment. Client grants a special privilege to Attorneys for their professional fees on all money and property recovered and/or obtained for Client.
>
> Neither Client nor Attorneys shall have the right to release, settle, transact, compromise, or discontinue any demand, claim, suit or action commenced pursuant to this Agreement without the consent of the other.
>
> * * *
>
> Client understands and agrees that [A]ttorneys have the right to terminate representation of Client and withdraw from the case at any time for any reason.

Considering the above, we now turn to a consideration of whether Capfund's petition, as amended, alleges sufficient grounds to support Capfund's request for damages for a wrongfully filed lien. Initially, we point out that this is not a suit for the

---

[5] We note that the attorney-client contract attached to Capfund's Petition for Damages indicates that it was filed and recorded with the East Baton Rouge Parish Clerk of Court on September 21, 2015.

8

enforcement of or breach of a contingency contract. This is a suit for damages. Although Capfund argues for the first time on appeal that it asserted a breach of contract claim, nothing in the amended petition asserts such a claim. Rather, the allegations in the petition refer to the wrongful acts of Dodson & Hooks. Capfund asserted that it was seeking damages from Dodson & Hooks "for wrongfully and unlawfully interfering in the arbitration suit" between Capfund and CB&I based on the filing of the privilege. Throughout its petition, Capfund referred to "the wrongfully filed and recorded lien" and to Dodson & Hooks' failure to remove the "the wrongfully filed and recorded lien."

Pursuant to the attorney-client contract, the parties explicitly agreed to the granting of the privilege and to the requirement of the consent of Dodson & Hooks in any transaction or settlement regarding the underlying claim. Capfund unambiguously consented to the grant of the special privilege to Dodson & Hooks "for their professional fees on all money and property recovered and/or obtained for Client." The parties also agreed that "[n]either Client nor Attorneys shall have the right to release, settle, transact, compromise, or discontinue any demand, claim, suit or action commenced pursuant to this Agreement without the consent of the other." Nevertheless, Capfund argues that Dodson & Hooks unlawfully interfered with a settlement between Capfund and CB&I by filing the lien in the first arbitration proceeding and then refusing to remove the lien.

Louisiana Revised Statutes 37:218 clearly affords a special privilege, which outranks all other privileges and security interests. See **Dodson & Hooks, APLC v. Louisiana Community Development Capital Fund, Inc.**, 17-0563 (La.App. 1 Cir. 7/10/17) (unpublished writ action) (2017 WL 2929555), writ denied, 17-1374 (La. 11/6/17), 229 So.3d 474. The statute also provides protection against third parties by nullifying any compromise or settlement after recordation of the contract. However, we can find nothing in LSA-R.S. 37:218 that provides that it shall be the exclusive remedy. Further, there is no provision in the statute that prohibits Dodson & Hooks from filing the attorney-client contract in the arbitration proceeding between Capfund and CB&I. Additionally, we find nothing in the statute requiring Dodson & Hooks to waive or

9

remove its right to seek the recovery of attorney fees in an arbitration proceeding that it believes are owed. Capfund has cited no cases, nor can we find any, that hold that filing an attorney-client contract in an arbitration proceeding constitutes interference with a settlement.[6]

Accepting the factual allegations of the petition as true, and applying the applicable law to the facts herein, there was nothing that prevented Dodson & Hooks from asserting its special privilege in the arbitration proceeding for attorney fees that it believed were owed. Therefore, we conclude that Capfund's amended petition fails to allege facts sufficient to state a cause of action against Dodson & Hooks. Accordingly, we find no error in the trial court's judgment that granted Dodson & Hooks's peremptory exception raising the objection of no cause of action.[7]

## CONCLUSION

For the above reasons, we affirm the July 23, 2018 judgment of the trial court in favor of the defendant, Dodson & Hooks, APLC. All costs of this appeal are assessed to the plaintiff, Louisiana Community Development Capital Fund, Inc.

**AFFIRMED.**

---

[6] Although Capfund refers to alleged violations by Dodson & Hooks of the Code of Professional Responsibility because of its refusal to remove the lien, we note, however, that effective January 1, 1987, the Rules of Professional Conduct replaced the Code of Professional Responsibility, and Capfund has failed to identify any Rules of Professional Conduct that allegedly were violated.

[7] Nor do we find any merit in Capfund's argument that Dodson & Hooks withdrew its representation of Capfund without cause causing Capfund to have to retain new attorneys to continue its arbitration suit that resulted in additional legal expenses and costs. Although this issue is not before us, the attorney-client contract clearly provided that the "Client understands and agrees that [A]ttorneys have the right to terminate representation of Client and withdraw from the case at any time for any reason."

10

DODSON & HOOKS, APLC

VERSUS

THE LOUISIANA
COMMUNITY DEVELOPMENT
CAPITAL FUND, INC.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2018 CA 1784 C/W
2018 CA 1785



**HOLDRIDGE, J., dissenting.**

I respectfully dissent. While I may agree with the majority's analysis of the factual and legal issues involved in this case, I respectfully dissent since this case is on appeal from the granting of a peremptory exception raising the objection of no cause of action. Unlike other exceptions, motion for summary judgments, or trials, the peremptory exception raising the objection of no cause of action must be determined from the well-pleaded facts in the petition which must be accepted as true. La. C.C.P. arts 927 and 931; City of New Orleans v. Bd. of Comm'rs of Orleans Levee Dist., 93-0690 (La. 7/5/94), 640 So.2d 237, 241. When a petition is read to determine whether a cause of action has been stated, it must be interpreted, if possible, to maintain the cause of action instead of dismissing the petition. Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding that a cause of action has been stated. Brister v. GEICO Ins., 2001-0179 (La. App. 1 Cir. 3/28/02), 813 So.2d 614, 617.

In its amended petition, Capfund alleges that "[Dodson & Hooks] terminated the attorney-client contract abandoning legal representation of [Capfund] in the Capfund v. CB&I arbitration suit before the arbitration suit was completed. [Dodson & Hooks] failed to secure funds from a settlement or arbitration. Thus, [Capfund] contends that [Dodson & Hooks] did not earn any fees and was not entitled to a lien for unearned fees pursuant to the term of the attorney-client contract." In amended paragraph 8 of the petition, Capfund further alleges that

"despite repeated requests [Dodson & Hooks] failed to remove the wrongfully filed and recorded lien."

From a reading of the petition, Capfund alleges (which allegations must be accepted as true for the purposes of this peremptory exception raising the objection of no cause of action) that Dodson & Hooks did not earn any fees, was not entitled to file a lien for unearned fees, and failed to remove the wrongfully filed and recorded lien. While other evidence may dispute this claim, that evidence cannot be considered in a peremptory exception raising the objection of no cause of action. Other procedural methods are available for Dodson & Hooks to attempt to resolve this issue prior to trial. Reading the amended petition most favorable to maintaining the cause of action, I find that the trial court erred in granting the peremptory exception raising the objection of no cause of action. Therefore, I respectfully dissent.